IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:05CV133-H

| | |
|---|---|
| LAURA TIPPETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LAKE NORMAN CHRYSLER JEEP ) | |
| DODGE, J. HARRILL, DANNY UNKNOWN, ) | |
| and DAIMLERCHRYSLER SERVICES ) | |
| NORTH AMERICA, LLC, ) | |
| MORTGAGE CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendants' "Joint Motion to Stay Proceedings and Compel Arbitration" (document #12) and "Memorandum in Support ..." (document #15), both filed May 16, 2005; and the "Plaintiff's Stipulation to Stay Proceedings and Compel Arbitration" (document #21) filed June 27, 2005.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this motion is now ripe for determination.

On March 28, 2005, the Plaintiff filed her Complaint, alleging claims under the Truth in Lending Act, 15 U.S.C. § 1500 et. seq., related to her purchase of an automobile from Defendant Lake Norman Chrysler Jeep Dodge. It is undisputed that among the documents that the Plaintiff signed at the time of the sale was a "Retail Installment Contract" that contained an arbitration clause providing that "any claim [between the parties] arising out of or relating to ... [the sale] shall be settled by binding arbitration administered by the American Arbitration Association."

On May 16, 2005, the Defendants filed the subject "Motion to Stay Proceedings and to Compel Arbitration."

On June 27, 2005, the Plaintiff, by and through her counsel, filed her "Stipulation to Stay Proceedings and Compel Arbitration," in which she expressly "requests the court [to] enter an order granting the relief requested in the defendants' Joint Motion ... and further ordering the parties to conduct the arbitration before the American Arbitration Association."

**NOW THEREFORE, IT IS HEREBY ORDERED**:

1. The Defendants' "Joint Motion to Stay Proceedings and Compel Arbitration" (document #12) is **GRANTED**, that is:

   a. This matter is **STAYED** pending arbitration and further Orders of the Court.

   b. The parties are **ORDERED** to arbitrate their dispute as provided by the rules of the American Arbitration Association and to report the result of the arbitration to the Court within 30 days of issuance of an arbitrator's award or other resolution of this matter.

2. The Clerk is directed to send copies of this Order to counsel for the parties.

**SO ORDERED.**

**Signed: June 30, 2005**

*[Signature: Carl Horn, III]*

Carl Horn, III
United States Magistrate Judge